1  | DEBORAH E. BRADY-DAVIS, ESQ. [SBN 141142]
2  | 3322 Sweetwater Springs Blvd., Suite 208
   | Spring Valley, California 91977
3  | (619) 660-2333 / FAX: (619) 660-2351
4  | Attorney for Plaintiff,
5  | NICENA M. MOLINA

FILED

07 NOV 16 PM 4: 27

CLERK. U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

6
7
8

# UNITED STATES DISTRICT COURT

9

## FOR THE SOUTHERN DISTRCT OF CALIFORNIA

10

11 | NICENA M. MOLINA                        ) Case No.
12 |        Plaintiff,                       ) '07 CV 2 1 9 8        L (RBB)
13 |                                         )
   | vs.                                     )
14 |                                         ) COMPLAINT FOR DAMAGES FOR
15 | JOHN E. POTTER, Postmaster General      ) EMPLOYMENT DISCRIMINATION
   | Of The United States Postal Service,    ) BASED ON DISABILITY, RACE,
16 |                                         ) NATIONAL ORIGIN, GENDER, AND
   |        Defendant.                       ) AGE
17 |                                         )
18 |                                         ) JURY TRIAL DEMANDED
19 |                                         )

20

## JURISDICTION

21      1.     This is a suit in equity authorized and instituted pursuant to Title VII of the

22 Civil Rights Act of 1964; 42 U.S.C. Sections 2000e et seq.; the Rehabilitation Act of 1973; 29

23 U.S.C. Sections 701 et seq.; 29 C.F.R. Section 1614.203 et seq., 29 C.F.R. Section 1630.2 et

24 seq., the Americans with Disabilities Act of 1990; and 42 U.S.C. 12101 et seq. Jurisdiction of

25 this Court is invoked pursuant to 42 U.S.C. Section 2000e-5(f), 29 U.S.C. Section 794a; 28

26 U.S.C. Section 1343(4), 28 U.S.C. Sections 2201 and 2202, 28 U.S.C.A. Section 1337, and

27 28 U.S.C.A. Section 1331. The jurisdiction of this Court is invoked to secure protection of and

28 to redress deprivation of rights secured by 42 U.S.C. Sections 2000e et seq., providing for

relief against disability, age, racial, religious, national origin, and sex discrimination in employment, and forbidding retaliation against an individual for participating in a Title VII employment discrimination process; and 29 U.S.C. Sections 791 and 794, providing relief for employment discrimination against a physically or mentally disabled federal employee.

## VENUE

2.     Venue is appropriate and proper in the United States District Court for the Southern District of California under 28 U.S.C.A. Section 1391(b) because the events made the basis of this suit occurred in the City of San Diego, County of San Diego, State of California.

## PLAINTIFF

3.     Plaintiff, NICENA M. MOLINA, is an individual citizen of the United States of America residing in the County of San Diego, State of California.

## DEFENDANT

4.     Defendant, JOHN E. POTTER, is the Postmaster General of the United States Postal Service.  All actions complained of herein were undertaken against Plaintiff by the United States Postal Service, its duly authorized employees, agents, representatives, and/or assigns, in San Diego, California.  For purposes of this litigation, JOHN E. POTTER, Postmaster General, is named herein as the defendant in this action on behalf of, and at the direction of the United States Postal Service.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

5.     Plaintiff filed a timely charge of discrimination with the Merit Systems Protection Board of the United States of America ("the Board").  On July 13, 2007, a video-conference hearing was held by the Merit System Protection Board on plaintiff's petition.  On September 12, 2007, the Board issued an Initial Decision against plaintiff.   On October 17, 2007, the Board's Initial Decision became final.  Pursuant thereto, this complaint has been timely filed within 30 days after the Merit System Protection Board's Initial Decision against plaintiff became final.

/////

1

## NATURE OF ACTION

2      6.      This is a proceeding for a declaratory judgment as to plaintiff's rights, and

3  for a permanent injunction restraining defendant from maintaining a policy, practice, custom or

4  usage of hostility, discrimination, and harassment against plaintiff with respect to

5  compensation, terms, conditions, and privileges of employment in ways that deprive plaintiff of

6  equal employment opportunities and otherwise adversely affect plaintiff's employment status

7  because of plaintiff's race, age, national origin, sex, and/or physical disability.  This complaint

8  also seeks restitution to plaintiff of all rights, privileges, benefits, and income that would have

9  been received by plaintiff but for defendant's unlawful and discriminatory practices.  This

10  complaint further seeks compensatory and punitive damages for plaintiff to the fullest extent

11  recoverable.

12

## FACTUAL ALLEGATIONS

13      7.      Plaintiff, NICENA M. MOLINA, is an adult female of Asian/Pacific Islander

14  (Filipino) descent.  Plaintiff was hired by the United States Postal Service ("U.S.P.S.") in 1984

15  as a Mail Processing Clerk (MPC) at the Defendant's Midway Processing and Distribution

16  Center in San Diego, California ("Midway").

17      8.      In 1998, plaintiff suffered a work-related injury to her right shoulder.  In

18  1999, plaintiff suffered a work-related injury to her left shoulder.  Plaintiff underwent separate

19  surgeries on both shoulders and thereafter returned to work in a limited duty capacity.

20      9.      In or around December 2000, plaintiff was declared permanent and

21  stationary with a permanent work restriction to her left shoulder.  On January 18, 2002,

22  plaintiff accepted a limited duty job offer at the Midway facility that enabled her to work within

23  her medical restrictions.  During all times that plaintiff worked in this limited duty assignment,

24  she was a responsible employee who performed her job duties in a highly competent manner.

25      10.      In or around February 2000, plaintiff was declared permanent and

26  stationary for her right shoulder with the same permanent restrictions as for her left shoulder.

27  On March 7, 2003, plaintiff accepted a limited duty job offer at the Midway facility that enabled

28  her to work within the medical restrictions of both of her shoulders.  This limited duty

assignment was in the security booth.  During all times that plaintiff worked in this limited duty assignment, she was a responsible employee who performed her job duties in a highly competent manner.

11.    In 2005, the United States Postal Service ("USPS") began the National Reassessment Process ("NCP") as a pilot program in San Diego, California to review the work assignments of limited duty employees to ensure that the work being performed by these employees was productive, necessary, and in compliance with the employees' disability work restrictions.   Janet Pruitt was responsible for overseeing this program at the Midway facility.

12.    Including plaintiff, there were three (3) limited duty employees assigned to perform duties in the security booth during plaintiff's work shift at the Midway facility.  As a result of the NCP pilot program, the USPS arbitrarily decided to eliminate one of these limited duty positions after reassigning job duties previously assigned to limited duty personnel to non-injured employees.  This resulted in there being only two limited duty positions in the security booth, even though three limited duty employees needed accommodation.   Of these three limited duty employees who worked in the security booth, plaintiff was the only Filipino female.

13.    Ultimately, plaintiff lost her limited duty position at the Midway facility because of the USPS' arbitrary policy for classifying an employee's physical disability.  This policy resulted in employees whose anticipated maximum medical improvement period (MMI) was one year or less from the date of the employee's injury (i.e., Category 1 employees) being treated more favorably during the NCP review process than were employees whose anticipated maximum medical improvement period was greater than one year (i.e., Category 2 employees).

14.    The Defendant classified plaintiff as a Category 2 employee; however, both of the other two employees who worked in the security booth at the Midway facility (neither of whom were Filipino) were classified as Category 1 employees.   As a result of the defendant's arbitrary injury classification system, the plaintiff's long-term employment with the USPS was eventually terminated.  On the other hand, employees whose gender, age,

1  race, and/or national origin enabled them either to recover completely or more quickly from

2  comparable work-related injuries as compared to plaintiff, were not terminated.  Nor were

3  employees terminated based on defendant's arbitrary injury classification system that had

4  never sustained any work-related injuries or qualified disabilities under the Americans with

5  Disabilities Act.

6      14.    The NRP's arbitrary injury-classification standards were not applied

7  equally to all injured workers at the USPS.  As a result, ethnic minorities, females, and

8  employees over 40 years of age were treated more severely than non-ethnic minorities,

9  males, and employees less than 40 years of age.  As a further result, the NRP has had a

10  disparate impact on injured employees at the USPS who are ethnic minorities, females,

11  and/or over 40 years of age.

12  **FIRST CAUSE OF ACTION**

13  **Discrimination in Employment Based on Physical Disability**

14      15.    Plaintiff refers to the allegations of Paragraphs 1 through 14 and by such

15  reference repleads and incorporates them as though fully set forth hereat.

16      16.    The conduct of the USPS as set forth above, constitutes unlawful

17  discrimination against plaintiff on the basis of plaintiff's disability in violation of the Americans

18  with Disabilities Act of 1990, 29 U.S.C. Sections 701 et seq., 29 C.F.R. Section 1614.203 et

19  seq., and 29 C.F.R. Section 1360.2 et seq.

20      17.    As a proximate result of defendant's conduct, plaintiff has suffered and

21  continues to suffer substantial losses in earnings, job experience, retirement benefits, and

22  other employee benefits which she would have received absent defendant's discrimination.

23  Furthermore, plaintiff has incurred additional costs and expenses due to defendant's

24  discrimination.  Plaintiff does not know at this time the exact amount of her damages, but is

25  informed and believes, and thereon alleges, that the amount of her loss will be $300,000 or

26  more.  Plaintiff requests leave of this court to amend the complaint when these damages are

27  more fully known.

28  /////

18.    As a further proximate result of the above-mentioned acts, plaintiff has suffered humiliation, mental pain, and anguish, all to plaintiff's damage in an amount to be proven at trial.

19.    The above-mentioned acts of defendant were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

## SECOND CAUSE OF ACTION
### Discrimination in Employment Based on Race

20.    Plaintiff refers to the allegations of Paragraphs 1 through 19 and by such reference repleads and incorporates them as though fully set forth hereat.

21.    The conduct of the USPS as set forth above, constitutes unlawful discrimination against plaintiff on the basis of race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-16.

22.    As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits which she would have received absent defendant's discrimination. Furthermore, plaintiff has incurred additional costs and expenses due to defendant's discrimination. Plaintiff does not know at this time the exact amount of her damages, but is informed and believes, and thereon alleges, that the amount of her loss will be $300,000 or more. Plaintiff requests leave of this court to amend the complaint when these damages are more fully known.

23.    As a further proximate result of the above-mentioned acts, plaintiff has suffered humiliation, mental pain, and anguish, all to plaintiff's damage in an amount to be proven at trial.

24.    The above-mentioned acts of defendant were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

/////

### THIRD CAUSE OF ACTION
### Discrimination in Employment Based on Gender

25.    Plaintiff refers to the allegations of Paragraphs 1 through 24 and by such reference repleads and incorporates them as though fully set forth hereat.

26.    The conduct of the USPS as set forth above, constitutes unlawful discrimination against plaintiff on the basis of gender in violation of Title VII of the Civil Rights Act of 1964, as amended.

27.    As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits which she would have received absent defendant's discrimination. Furthermore, plaintiff has incurred additional costs and expenses due to defendant's discrimination. Plaintiff does not know at this time the exact amount of her damages, but is informed and believes, and thereon alleges, that the amount of her loss will be $300,000 or more. Plaintiff requests leave of this court to amend the complaint when these damages are more fully known.

28.    As a further proximate result of the above-mentioned acts, plaintiff has suffered humiliation, mental pain, and anguish, all to plaintiff's damage in an amount to be proven at trial.

29.    The above-mentioned acts of defendant were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION
### Discrimination in Employment Based on National Origin

30.    Plaintiff refers to the allegations of Paragraphs 1 through 29 and by such reference repleads and incorporates them as though fully set forth hereat.

31.    The conduct of the USPS as set forth above, constitutes unlawful discrimination against plaintiff on the basis of national origin in violation of Title VII of the Civil Rights Act of 1964, as amended, and 42 U.S.C. Section 2000e et seq.

32.    As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits which she would have received absent defendant's discrimination. Furthermore, plaintiff has incurred additional costs and expenses due to defendant's discrimination.  Plaintiff does not know at this time the exact amount of her damages, but is informed and believes, and thereon alleges, that the amount of her loss will be $300,000 or more.  Plaintiff requests leave of this court to amend the complaint when these damages are more fully known.

33.    As a further proximate result of the above-mentioned acts, plaintiff has suffered humiliation, mental pain, and anguish, all to plaintiff's damage in an amount to be proven at trial.

34.    The above-mentioned acts of defendant were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

## FIFTH CAUSE OF ACTION
### Discrimination in Employment Based on Age

35.    Plaintiff refers to the allegations of Paragraphs 1 through 34 and by such reference repleads and incorporates them as though fully set forth hereat.

36.    The conduct of the USPS as set forth above, constitutes unlawful discrimination against plaintiff on the basis of age in violation of the Age Discrimination in Employment Act of 1967.

37.    As a proximate result of defendant's conduct, plaintiff has suffered and continues to suffer substantial losses in earnings, job experience, retirement benefits, and other employee benefits which she would have received absent defendant's discrimination. Furthermore, plaintiff has incurred additional costs and expenses due to defendant's discrimination.  Plaintiff does not know at this time the exact amount of her damages, but is informed and believes, and thereon alleges, that the amount of her loss will be $300,000 or more.  Plaintiff requests leave of this court to amend the complaint when these damages are more fully known.

38.    As a further proximate result of the above-mentioned acts, plaintiff has suffered humiliation, mental pain, and anguish, all to plaintiff's damage in an amount to be proven at trial.

39.    The above-mentioned acts of defendant were willful, wanton, malicious, and oppressive, and justify the awarding of exemplary and punitive damages in an amount to be proven at trial.

## PRAYER

WHEREFORE, plaintiff prays this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this case to be in every way expedited, and on such hearing to this Court, that it:

1.    Enter a declaratory judgment that the practices complained of herein are unlawful and violative of Title VII of the Civil Rights Act of 1964, as amended, the Americans with Disabilities Act of 1990, the Age Discrimination in Employment Act of 1967, 42 U.S.C. Section 2000e-16, 29 U.S.C. Sections 701 et seq., 29 C.F.R. Section 1614.203 et seq., 29 C.F.R. Section 1630.2 et seq., and 29 C.F.R. Section 1614.101(b);

2.    Permanently enjoin defendant, its agents, successors, officers, employees, attorneys and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all other practices policies, customs, and usages set forth herein or shown to be in violation of applicable law;

3.    Order modification or elimination of practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law so that they do not discriminate on the basis of race, national origin, gender, age, or physical disability;

4.    Immediately reinstate plaintiff's employment with the United States Postal Service, and adjust the wage rates, salaries, bonuses, and benefits for plaintiff to that level which she would be enjoying but for the discriminatory practices of defendant;

1

2

3

5.      Compensate and make whole plaintiff for all earnings, wages, retirement benefits, worker's compensation benefits, and other benefits she would have received but for the discriminatory practices of defendants;

4

5

6

6.      Compensate and make whole plaintiff for all damages she has incurred as a result of stress, anxiety, embarrassment, emotional distress, humiliation, demoralization, and loss of self esteem as a result of the discriminatory practices of defendant;

7

8

7.      Award plaintiff the costs and disbursements of the action, including reasonable attorney's fees in accordance with 42 U.S.C. Sections 1988, 2000e-5(k);

9

10

8.      Award compensatory damages to plaintiff in an amount to be proven at trial;

11

9.      Award punitive damages to plaintiff in the amount of $500,000.00; and

12

10.     Grant such other relief as may be just and proper.

13

14

15

Dated:  November 15, 2007

16

17

DEBORAH E. BRADY-DAVIS, ESQ.
Attorney for Plaintiff,
NICENA M. MOLINA

18

19

20

21

22

23

24

25

26

27

28

%JS-44    (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a)   PLAINTIFFS**
NICENA M. MOLINA

**DEFENDANTS**    07 NOV 16 PH 4: 31
JOHN E. POTTER POSTMASTER GENERAL
OF THE UNITED STATES POSTAL SERVICE
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

**(b)** County of Residence of First Listed Plaintiff    SAN DIEGO
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
DEBORAH E. BRADY-DAVIS, ESQ.    (619) 660-2333
3322 Sweetwater Springs Blvd. #208, Spring Valley, CA 91977

Attorneys (If Known)
'07 CV 2198    L (RBB)

**II.  BASIS OF JURISDICTION**    (Place an "X" in One Box Only)

☐ 1   U.S. Government Plaintiff
☐ 3   Federal Question (U.S. Government Not a Party)

☒ 2   U.S. Government Defendant
☐ 4   Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | Habeas Corpus: | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V.  ORIGIN**    (Place an "X" in One Box Only)

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI.  CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 U.S.C. Sections 2000e et seq.; 29 U.S.C. sections 701 et seq.; 29 C.F.R. Section 1614.203 et seq.
Brief description of cause:
Employment discrimination based on race, national origin, gender, age, and physical disability

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 300,000
CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ Yes  ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE
DOCKET NUMBER

DATE
11/15/2007

SIGNATURE OF ATTORNEY OF RECORD
Deborah Brady-Davis

**FOR OFFICE USE ONLY**
RECEIPT #  144618    AMOUNT  350.—    APPLYING IFP    JUDGE    MAG. JUDGE
11/16/07

**UNITED STATES
DISTRICT COURT**
SOUTHERN DISTRICT OF CALIFORNIA
SAN DIEGO DIVISION

# 144618    — SR
* * C O P Y * *
November 16, 2007
16:32:58

**Civ Fil Non-Pris**
USAO #.: 07CV2198 CIV. FIL.
Judge..: M. JAMES LORENZ
Amount.:                    $350.00 CK
Check#.: BC#2219

**Total—> $350.00**

FROM: MOLINA V. POTTER,
      CIVIL FILING